# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| SATCO PRODUCTS, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>SEOUL SEMICONDUCTOR CO., LTD. and SEOUL SEMICONDUCTOR, INC.<br><br>*Defendants.* | C.A. No. 1:21-cv-00643-TCB<br><br>**JURY TRIAL DEMANDED** |

**REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO USE
ALTERNATIVE SERVICE PURSUANT TO FED. R. CIV. P. 4(f)(3)**

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................1

II. ARGUMENT .........................................................................................2

    A. Satco's Proposed Alternative Methods of Service Are Not Prohibited By International Agreement ................................................2

        1. Service on SSC's Counsel of Record or Co-Defendant/Subsidiary in this Matter Does Not Implicate the Hague Convention...............................................................3

        2. E-mail Service on SSC Is Not Prohibited By the Hague Convention ...............................................................................6

    B. There is No Dispute that the Proposed Alternative Methods of Service Are Reasonably Calculated to Provide Notice to SSC ............8

    C. Alternative Service Should be Granted...............................................10

III. CONCLUSION....................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Ballew v. Roundpoint Mortg. Servicing Corp.*,
   491 Fed. Appx. 25 (11th Cir. 2012) ................................................................12

*In re Cathode Ray Tube Antitrust Litig.*,
   2008 U.S. Dist. LEXIS 111384 (N.D. Cal. Sept. 3, 2008)...................................9

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   270 F.R.D. 535 (N.D. Cal. 2010) ........................................................................4

*Kipu Sys., LLC v. Zencharts, LLC*,
   2018 U.S. Dist. LEXIS 232063 (S.D. Fl. Mar. 29, 2018) ................................6, 7

*LSG v. Nichia*,
   2019 WL 9633377 (N.D. Ga. Aug. 8, 2019)..................................................7, 11

*Mueller v. Mueller*,
   2016 WL 10567191 (N.D. Ga. Oct. 7, 2016) ....................................................12

*Mullane v. Central Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950) ................................................................................ 7, 9, 10

*Night Owl SP, LLC v. Dongguan Auhua Electronics Co., Ltd.*,
   2019 WL 5084162 (M.D. Fla. 2019)...............................................................3, 4

*Pardazi v. Cullman Med. Ctr.*,
   896 F.2d 1313 (11th Cir. 1990) .........................................................................12

*Parsons Xtreme Golf, LLC v. Individuals P'ships and Unincorporated
   Assns. Identified on Schedule "A"*,
   2019 U.S. Dist. LEXIS 79075 (S.D. Fl. Feb. 7, 2019).....................................6, 7

*Richemont Int'l SA v. Individuals, P'ships & Unincorporated Assocs.
   Identified on Schedule A*,
   2020 U.S. Dist. LEXIS 210762 (S.D. Fl. Jul. 10, 2020).......................................7

*Richmond Techs., Inc. v. Aumtech Bus. Solutions*,
  2011 U.S. Dist. LEXIS 71269 (N.D. Cal. Jul. 1 2011) ............................................9

*Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*,
  2015 U.S. Dist. LEXIS 122000 (S.D. Fl. Sept. 14, 2015)........................ 1, 5, 7, 9

*Tillotson Corp. v. Supermax Corp. BHD*,
  2008 WL 11336243 (N.D. Ga. May 21, 2008) ................................................7, 11

*United States v. Pub. Warehousing Co. K.S.C.*,
  2017 U.S. Dist. LEXIS 22808 (N.D. Ga. Feb. 17, 2017)........................ 2, 4, 5, 10

*Volkswagenwerk AG v. Schlunk*,
  486 U.S. 694 (1988) ..............................................................................................3

*Wood Mt. Fish, LLC v. Asa*,
  2019 U.S. Dist. LEXIS 114980 (S.D. Fl. Jul. 11, 2019)....................................5, 9

*Yanmar Co., Ltd. v. Baoluli Happy et al.*,
  2019 WL 8301092 (N.D. Ga. Nov. 25, 2019).......................................................7

**I.      INTRODUCTION**

It is undisputable that Satco's proposed methods for alternative service are not prohibited by international agreement, and are "reasonably calculated" to provide notice to defendant Seoul Semiconductor Co., Ltd. ("SSC"), which is all that Rule 4(f)(3) requires. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, 2015 U.S. Dist. LEXIS 122000, at *8 (S.D. Fl. Sep. 14, 2015) ("The Court has broad discretion to direct alternative methods of service under Rule 4(f)(3) when (a) consistent with due process and (b) not prohibited by international agreement.") (citing *Prewitt Enter., Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)). In fact, the opposition was filed by SSC and counsel for the "Defendants" (*see* Dkt. 31 at 18 (signature block)[1]) which, in and of itself, confirms that SSC has already received actual notice of the lawsuit and, thus, would receive "reasonable notice" of the same under any of the proposed alternative methods.

SSC argues that, because its counsel and co-defendant Seoul Semiconductor, Inc. ("SSI") in this matter are not "authorized" **by SSC** to accept service, there would be "constitutional" issues with respect to any such service. However, such an argument ignores the fact that authorization of **the Court** is all that is required under Rule 4(f)(3).

---

[1] Counsel for both defendants have entered appearances in this action on their behalf. (Dkts. 32, 33).

On this, Defendant SSC cites to cases where Rule 4(f)(3) authorization was not sought, and fails to challenge the litany of legal authority cited by Satco which authorizes alternative service. Likewise, SSC's assertion that service under Rule 4(f)(3) is not available when service is available through the Hague Convention under Rule 4(f)(1)—i.e., that Rule 4(f)(1) somehow has primacy over Rule 4(f)(3)—has been repeatedly rejected by numerous courts in this Circuit, including this one. *See, e.g.*, Dkt. 27 at 5-6 citing, *inter alia*, *United States v. Pub. Warehousing Co. K.S.C.*, 2017 U.S. Dist. LEXIS 22808, at *6 (N.D. Ga. Feb. 17, 2017) ("Service under 4(f)(3) is just as favored as service under 4(f)(1), and is merely one means among several which enables service of process on an international defendant.") (quotations omitted).

Finally, SSC does not dispute that a lengthy delay in serving SSC will necessitate a different case track for each of the defendants. As discussed in Satco's motion, permitting alternative methods of service on SSC will avoid a waste of both party and judicial resources caused by, *inter alia*, potentially separate and duplicative scheduling conferences, discovery plans, negotiations of a Protective Order, early contentions, fact discovery and possibly claim construction. (Dkt. 27 at 12).

II.     **ARGUMENT**

    A.     **Satco's Proposed Alternative Methods of Service Are Not Prohibited By International Agreement**

### 1. Service on SSC's Counsel of Record or Co-Defendant/Subsidiary in this Matter Does Not Implicate the Hague Convention

SSC does not characterize Satco's proposed methods of alternative service on SSC's U.S. counsel or SSI as being prohibited by any international agreement. Nor could it—the Supreme Court has held that such service does not implicate the Hague Convention because it would be accomplished in the United States. *Volkswagenwerk AG v. Schlunk*, 486 U.S. 694, 707-08 (1988) (allowing substituted service on a German entity through its wholly owned U.S. subsidiary because the Hague Convention applies only to "a transmittal abroad that is required as a necessary party of service"). Nor does SSC address the numerous decisions cited by Satco which have authorized service on U.S. counsel or U.S. subsidiaries under Rule 4(f)(3). (*See* Dkt. 27 at 7-8).

Instead, SSC argues that "the Hague Convention prescribes the only effective means of service as to Seoul Semiconductor Co., Ltd. a Korean company" and that service under the Hague Convention is "mandatory" based on *Volkswagenwerk*. (Dkt. 31 at 2-5, 15). But, in *Volkswagenwerk*, the Supreme Court rejected the argument that the Hague Convention is "mandatory" for service of process on a foreign entity and found that substituted service upon Volkswagenwerk's wholly owned U.S. subsidiary was appropriate. *Volkswagenwerk*, 486 U.S. at 697, 707-08. SSC also quotes *Night Owl SP, LLC v. Dongguan Auhua Electronics Co., Ltd.*, 2019 WL 5084162, *1 (M.D. Fla.

2019) for the following proposition: "Permitting a plaintiff to circumvent the provisions of the Hague Convention even though it applies, as the plaintiff seeks to do in its motion, is tantamount to permitting service that contravenes the Constitution." (Dkt. 31 at 5). But, that alleged direct quote is nowhere to be found in *Night Owl*. To the contrary, *Night Owl* followed *Volkswagenwerk* in allowing service on a foreign entity through substituted service on a U.S. agent. 2019 WL 5084162, *3 ("The Convention does not apply to service on a foreign corporation's domestic agent.").

SSC further asserts, citing *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 270 F.R.D. 535, 537 (N.D. Cal. 2010) and *U.S. v. Pub. Warehousing Co.*, 2017 WL 661580, at *2 (N.D. Ga. Feb. 17, 2017), that Rule 4(f)(3) is inappropriate here because "Rule 4(f)(3) is designed to provide for alternative court-ordered service under certain limited circumstances" (Dkt. 31 at 5). But, once again, SSC mischaracterizes the holdings of the cases it cites. For example, in *In re TFT-LCD*, the Court ***expressly rejected*** SSC's argument that Rule 4(f)(3) only applies "under limited circumstances—*e.g.*, when the defendant's country is not signatory to the Hague Convention" (Dkt. 31 at 5):

> The Ninth Circuit has rejected the argument that Rule 4(f) should be read to create a hierarchy of preferred methods of service of process. [Appellant]'s interpretation would require that a party attempt service of process by those methods enumerated in Rule 4(f)(2), including diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). We find no support for [this] position. No such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes. The Ninth Circuit

4

concluded that service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant.

270 F.R.D. at 537 (citations and quotations omitted). Similarly, in *U.S. v. Pub. Warehousing Co.*, this Court also **expressly rejected** SSC's argument that Rule 4(f)(3) only applies "under limited circumstances—e.g., . . . when a foreign government obstructs service" (Dkt. 31 at 5):

> Importantly, Rule 4(f) does not create a hierarchy of preferred means of service. Service under 4(f)(3) is just as favored as service under 4(f)(1), and is merely one means among several which enables service of process on an international defendant. Regardless of which method of service is chosen, the touchstone is whether the means chosen give notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

2017 WL 661580, at *6-7 (citations and quotations omitted). Contrary to SSC's interpretation of the law, service can be accomplished through service on SSI or through SSC's U.S. legal counsel under Rule 4(f)(3). (*See Stat Med.*, 2015 U.S. Dist. LEXIS 122000, at *11-12 (granting alternative service upon "the domestic defendant's attorney"); *Wood Mt. Fish, LLC v. Asa*, 2019 U.S. Dist. LEXIS 114980, at *4 (S.D. Fl. Jul. 11, 2019) ("Service through a [U.S.] subsidiary is also sufficient to satisfy Rule 4(f)(3) because it does not violate the Hague Convention."); *see also* the other authorities cited in Dkt. 27 at 7-8).

## 2. E-mail Service on SSC Is Not Prohibited By the Hague Convention

SSC does not argue that email service is prohibited by the Hague Convention—because it cannot. Instead, SSC argues that email service "should only apply in situations involving good cause" and that Korean entities should be treated differently. (*See* Dkt. 31 at 9-15). However, SSC does not cite a single case supporting its position that service on a Korean entity by email is prohibited by the Hague Convention. Nor does SSC address the several decisions cited in Satco's motion holding that service through email is not prohibited by the Hague Convention and should therefore be permitted under Rule 4(f)(3). (Dkt. 27 at 8-9). The reasoning of these holdings applies even when countries have opted out of service by postal channels because "that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting." *Parsons Xtreme Golf, LLC v. Individuals P'ships and Unincorporated Assns. Identified on Schedule "A"*, 2019 U.S. Dist. LEXIS 79075, at *3-4 and n.3 (S.D. Fl. Feb. 7, 2019) (indicating that Korea has "not expressly objected to service via e-mail or website posting"); *Kipu Sys., LLC v. Zencharts, LLC*, 2018 U.S. Dist. LEXIS 232063, at *6-7 (S.D. Fl. Mar. 29, 2018) ("several courts [] have declined to extend countries' objections to specific forms of service permitted by Article 10 of the Hague Convention, such as postal mail, to service by other means, including email.") (citing cases).

Instead of addressing the decisions cited in the motion, SSC relies on a single decision, *Tillotson Corp. v. Supermax Corp. BHD* (*see* Dkt. 31 at 12-14), in which the Court found that it did not have "discretion to permit alternative methods that are not provided for in the convention." 2008 WL 11336243, at *3 (N.D. Ga. May 21, 2008). However, *Tillotson* is unquestionably the minority view in this Circuit, and has not been followed by any other court.[2] *See, e.g.*, *Parsons*, 2019 U.S. Dist. LEXIS 79075, at *3-4 (allowing email service upon a Korean entity because "service by e-mail or internet communication does not violate an international agreement"); *Richemont Int'l SA v. Individuals, P'ships & Unincorporated Assocs. Identified on Schedule A*, 2020 U.S. Dist. LEXIS 210762, at *3-4, and n.2 (S.D. Fl. Jul. 10, 2020) (same, finding that "Korea . . . ha[s] not expressly objected to service via email or website posting"); *Stat Med.*, 2015 U.S. Dist. LEXIS 122000, at *8-9 (granting alternative service by email on a Polish defendant despite Poland's objection to Article 10 of the Hague Convention); *Yanmar Co., Ltd. v. Baoluli Happy et al.*, 2019 WL 8301092, at *2 (N.D. Ga. Nov. 25, 2019) (granting alternative service by email on Chinese defendant); *Kipu Sys.*, 2018 U.S. Dist. LEXIS 232063, at *6-7.

---

[2] SSC's assertion that the court in *LSG v. Nichia*, 2019 WL 9633377 (N.D. Ga. Aug. 8, 2019) "reaffirm[ed] *Tillotson*" (Dkt. 31 at 14), is at-odds with its actual holding that "a trial court has sound discretion to determine when the particularities of a given case require alternate service of process." *Id.* at *6. Email service on a foreign entity was not even at issue in *LSG*.

### B. There is No Dispute that the Proposed Alternative Methods of Service Are Reasonably Calculated to Provide Notice to SSC

By opposing the motion and having its counsel appear on its behalf in this matter (Dkts. 31-33), SSC has admitted to being on notice of the litigation. Thus, there can be no dispute that Satco's proposed alternative methods of service are reasonably tailored to provide notice, which is all that is required to satisfy due process. *Mullane*, 339 U.S. at 314 ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

Because there can be no dispute on this issue, SSC makes various strawman arguments. For example, relying on cases applying Georgia state law, SSC argues that "[s]ervice on SSI is also insufficient for service of process on SSC, because SSI and SSC are separate corporate entities and SSI has never been authorized to accept service on behalf of SSC." (Dkt. 31 at 8-9). But, Satco is not asking the Court to find that service on SSI, which has already occurred, applies to SSC. Rather, Satco is asking for permission to use alternative means of service on SSC pursuant to Rule 4(f)(3), and none of the cases on which SSC relies addressed such a request. Notably, SSC does not dispute that: (1) SSC and SSI have a very close relationship; (2) SSI is a wholly-owned subsidiary of SSC, and SSI markets and sells products in the U.S. that are manufactured

by SSC; (3) SSC lists on its website the address, phone number and email for SSI as its own "Sales Office;" (4) SSI transacts business in Georgia, and throughout the United States, on SSC's behalf as part of SSC's "Global Network." (Dkt. 27 at 10).

Similarly, SSC asserts that service on its U.S. counsel of record is inappropriate because ***SSC has not authorized*** its counsel to accept service and that actual notice is not a substitute for formal service of process. (Dkt. 31 at 6-8). But, once again, SSC's position is based on cases concerning service under state law, none of which involve addressed a request to use alternative service under Rule 4(f)(3). SSC neither challenges that the question under Rule 4(f)(3) is whether service is reasonably calculated to provide notice to SSC (*see, e.g.*, *Mullane*, 339 U.S. at 314), nor addresses any of the cases cited by Satco authorizing service upon U.S. counsel of record under Rule 4(f)(3) or indicating that such means of service is appropriate. (Dkt. 27 at 9-10).[3] Importantly,

---

[3] The facts of this case are more analogous to those of *Stat Med.* in which the Plaintiff sought to serve a foreign defendant through email or alternatively through service on the counsel of the related U.S. entity which was also a party to the suit. 2015 U.S. Dist. LEXIS 122000, at *11-12. In that case, the court granted the motion for alternative service finding that it "is reasonably calculated to notify the foreign defendant of the pendency of this action and provide it with an opportunity to defend." *Id.* Tellingly SSC does not address *Stat Med.* or other similar cases in the Opposition. *See also Richmond Techs., Inc. v. Aumtech Bus. Solutions*, 2011 U.S. Dist. LEXIS 71269, at *44-46 (N.D. Cal. Jul. 1 2011) ("service upon [the U.S. counsel of a related defendant entity] is reasonably calculated to apprise the Indian Defendants of the pendency of the action and afford them an opportunity to present their objections," particularly when "[t]he Indian Defendants already have actual notice of the action, and [the U.S. counsel] is

9

SSC does dispute that it has been in communication with its counsel of record regarding this action (as well as numerous other actions over the past five years). (Dkt. 27 at 3-4, 9).

Finally, while SSC asserts that service by email on SSC should not be permitted, it once again does not dispute that such means of service is also reasonably calculated to provide notice. (*See* Dkt. 27 at 11-12).

C. **Alternative Service Should be Granted**

Lacking a credible basis for challenging alternative service as prohibited under the Hague Convention and/or on "reasonable notice" grounds, SSC attempts to impose requirements of "good cause" and "extenuating circumstances." (Dkt. 31 at 9-18). The legal standard under Rule 4(f)(3), however, has no such requirements. *Mullane*, 339 U.S. at 314 (the only limitations in Rule 4(f)(3) are that: (1) service must be directed by the court, (2) it must not be prohibited by international agreement, and (3) due process requires that it must be "reasonably calculated" to give notice to a defendant); *United States v. Pub. Warehousing Co.*, 2017 U.S. Dist. LEXIS 22808, at *6-7.

---

already representing them for the purpose of contesting personal jurisdiction and opposing substituted service"); *Wood Mt. Fish*, 2019 U.S. Dist. LEXIS 114980, at *4-6 (allowing alternative service upon defendants' U.S. subsidiaries); *see also In re Cathode Ray Tube Antitrust Litig.*, 2008 U.S. Dist. LEXIS 111384, at *32-33 (N.D. Cal. Sept. 3, 2008) (authorizing service of foreign defendants through domestic subsidiaries and domestic counsel).

Even so, Satco recognizes that a decision under Rule 4(f)(3) is within the sound discretion of the court, and notes that SSC's opposition, which focuses only on the time[4] and cost to effect service, is silent on the delay, inefficiencies and waste of party and judicial resources that would result if Satco's motion is denied and this matter were to proceed on two different tracks.[5]

Finally, SSC also alleges that "permitting Satco to serve SSC through alternative service under Rule 4(f) would not only be unconstitutional, but would also risk any judgment in this action being unenforceable." (Dkt. 31 at 17-18). In support of that

---

[4] With respect to timing, SSC misleadingly asserts that "service under the Hague Convention is not likely to take more than three months" by citing to statistics concerning service time under the Hague Convention in Korea from **2012**. (*See* Dkt. 31 at 16 referring to statistics from 2012 concerning service in "less than 2 months" and service "in 2-4 months," as opposed to the 2018 statistics which concern service in "less than 3 months" or "in 3-6 months"). SSC also ignores and does not contest the 5-6 weeks required for translation of the Complaint and related documents, and that the Korean Central Authority has advised that there are currently delays in service of process due to COVID. (Dkt. 27 at 4-5). There can be no dispute that service through the Hague Convention is expensive, timely, and will cause the cases against SSC and SSI to be set on different tracks.

[5] SSC asserts that the facts of this case are similar to those in *LSG v. Nichia* and *Tillotson Corp. v. Supermax Corp. BHD*. (Dkt. 31 at 12-15, 17). However, SSC ignores that there was no concern for two case tracks and the resulting waste of party and judicial resources in either of those cases. Indeed, ***in the same decision cited by SSC***, the *LSG* court stayed the litigation due to a ITC proceeding involving the same parties. 2019 U.S. Dist. LEXIS 232761, at *2. The *LSG* court found that the circumstances of that case did not necessitate the Court's intervention because "Plaintiff may continue to attempt to serve [the foreign entity] while the stay is pending." *Id.* at *6-7.

proposition, SSC cites three cases, none of which concern service that was authorized by a court pursuant to Rule 4(f)(3). For example, in *Ballew v. Roundpoint Mortg. Servicing Corp.* the plaintiff "failed to timely serve the companies after the action was removed to the district court . . . or to establish good cause for their failure to service the companies." 491 Fed. Appx. 25, 26 (11th Cir. 2012). In *Pardazi v. Cullman Med. Ctr.*, the court found that a defendant "waived its objection to service of process under Rule 12(h) and consented to the court's personal jurisdiction" by failing to make a pre-answer objection on those grounds. 896 F.2d 1313, 1318 (11th Cir. 1990). In *Mueller v. Mueller* the court granted an unopposed motion to dismiss where the plaintiff attempted to serve a German entity directly through FedEx even though Germany opted out of service by postal channels. 2016 WL 10567191, at *1-2 (N.D. Ga. Oct. 7, 2016). Thus, once again, the cases on which SSC relies are irrelevant.

### III.  CONCLUSION

Satco respectfully requests that the Court grant its Motion for Leave to Use Alternative Service and permit Satco to serve SSC by delivering copies of the Summons and Complaint to SSC's outside counsel of record, SSC's wholly owned U.S. subsidiary, SSI, or SSC by email.

Dated: April 13, 2021

Respectfully submitted,

By: */s/ James Z. Foster*
James Z. Foster
Georgia Bar No. 756038
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE
Suite 2500
Atlanta, GA 30305
Telephone: (618) 553-2100
Facsimile: (678) 553-2212
Email: fosterja@gtlaw.com

Scott Bornstein (*pro hac vice*)
Joshua L. Raskin (*pro hac vice*)
Richard Pettus (*pro hac vice*)
Jeffrey R. Colin (*pro hac vice*)
Elana B. Araj (*pro hac vice*)
GREENBERG TRAURIG, LLP
MetLife Building, 200 Park Avenue
New York, NY 10002
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: bornsteins@gtlaw.com
Email: raskinj@gtlaw.com
Email: pettusr@gtlaw.com
Email: colinj@gtlaw.com
Emil: araje@gtlaw.com

Nicholas Brown (*pro hac vice*)
GREENBERG TRAURIG, LLP
4 Embarcadero Center
Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

Robert P. Lynn, Jr. (*pro hac vice*)
Katharine Smith Santos (*pro hac vice*)
LYNN GARTNER DUNNE, LLP
330 Old Country Road, Suite 103
Mineola, New York 11501
Telephone: (516) 742-6200
rplynn@lgdlaw.com
ksantos@lgdlaw.com

***Attorneys for Plaintiff Satco Products, Inc.***

## **LOCAL RULE 7.1(D) CERTIFICATION**

Counsel hereby certifies that the text of this document has been prepared with Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

/s/ *James Z. Foster*
James Z. Foster
Georgia Bar No. 756038

# CERTIFICATE OF SERVICE

This is to certify that on April 13, 2021, I electronically filed the foregoing REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO USE ALTERNATIVE SERVICE PURSUANT TO FED. R. CIV. P. 4(f)(3) with the CM/ECF e-filing system, which will automatically send email notification of such filing to attorneys of record.

This 13th day of April, 2021.

/s/ *James Z. Foster*
James Z. Foster
Georgia Bar No. 756038

*ACTIVE 56399805v3*