IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| SATCO PRODUCTS, INC., | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE |
| | NO. 1:21-cv-643-TCB |
| SEOUL SEMICONDUCTOR CO., LTD. and SEOUL SEMICONDUCTOR, INC., | |
| Defendants. | |

**O R D E R**

This case comes before the Court on Plaintiff Satco Products, Inc.'s

motion [27] for leave to use an alternative method of service pursuant to

Federal Rule of Civil Procedure 4(f)(3).

I.    **Background**

On February 12, 2021, Satco filed this action against Seoul

Semiconductor Co., Ltd. ("SSC"), a Korean corporation, and its wholly

owned U.S. subsidiary Seoul Semiconductor, Inc. ("SSI"). On February

25, SSI was served with the complaint. Because SSC is a Korean corporation, Satco requested that SSC waive service pursuant to Rule 4(d) to avoid the costs and delay of service through the Hague Convention, but SSC declined.[1]

Accordingly, Satco requests permission to serve SSC by delivering a copy of the summons and complaint to either (1) SSC's U.S. counsel, (2) SSI, or (3) SSC itself by email.

The parties in this action are already familiar with each other. SSC and Satco are currently engaged in two other, interrelated patent litigations, *Seoul Semiconductor Co. v. Satco Products, Inc.*, No. 2:19-cv-4951 (E.D.N.Y. filed Aug. 29, 2019) and *Seoul Semiconductor Co. v. Satco Products, Inc.*, No. 1:19-cv-6719 (E.D.N.Y. filed Nov. 27, 2019), and nine inter partes review proceedings. Satco has corresponded with the U.S. counsel representing SSC in the New York proceedings about this action and has provided them with copies of the complaint and the other documents served on SSI.

---

[1] As justification for its refusal to waive service, SSC contends that SSI is the only appropriate defendant in this action because SSI is the entity that sells the allegedly infringing products in the U.S.

## II.    Legal Standard

Rule 4(f) governs the acceptable means of effective service of process on foreign corporations. FED. R. CIV. P. 4(h)(2). Under Rule 4(f)(1), a foreign corporation may be served at any place not within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." However, Rule 4(f)(3) allows courts to authorize service by other means as long as they are not prohibited by international agreement and are approved by the Court.

Additionally, any alternative method of service must comport with due process of law. Due process requires that notice be reasonably calculated to apprise interested parties of the action and afford them the opportunity to present objections. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

## III.    Discussion

Korea and the United States are signatories to the Hague Convention. Under Article 5 of the Hague Convention, documents must

be served on a Korean company by the Korean Central Authority and a full translation must be provided. Satco has estimated that service through the Korean Central Authority could take roughly four months and cost $16,000. SSC agrees that it will take "a few months." [31] at 6.

Thus, Satco requests that the Court permit an alternative method of service pursuant to Rule 4(f)(3). It argues that none of the three suggested options—service on SSC's U.S. counsel, on SSI, or on SSC by email—are prohibited by international agreement and that each comports with due process.

As an initial matter, the parties dispute whether Rule 4(f)(3) applies under these circumstances. Satco contends that "[s]ervice under 4(f)(3) is just as favored as service under 4(f)(1), and 'is merely one means among several which enables service of process on an international defendant.'" *United States v. Pub. Warehousing Co. K.S.C.*, No. 1:05-cv-2968-TWT, 2017 WL 661580, at *2 (N.D. Ga. Feb. 17, 2017) (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)) (explaining that there is no hierarchy of service methods under Rule 4(f)).

SSC, on the other hand, argues that compliance with the Hague Convention under Rule 4(f)(1) is "mandatory when it applies" and that Rule 4(f)(3) provides for court-ordered service only upon showing of special circumstances. *Tillotson Corp. v. Supermax Corp. Bhd.*, 4:07-cv-193-RLV, 2008 WL 11336243, at *2 (N.D. Ga. May 21, 2008) (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 695, 705 (1988)) (holding that it could not modify the appropriate method of service when both the plaintiff's country and the defendant's country are parties to the Hague Convention); *see also Night Owl SP, LLC v. Dongguan Auhua Elecs. Co.*, No. 2:19-cv-109-FtM-38UAM, 2019 WL 5084162, at *2 (M.D. Fla. Mar. 15, 2019) (denying the plaintiff's request for service by email under Rule 4(f)(3) due to the "mandatory nature of the Hague Convention" but permitting alternative service on an officer or agent pursuant to Rule 4(h)(1)(B)).

The facts of *Tillotson* are analogous to this case. In *Tillotson*, the plaintiff sued domestic and foreign defendants for patent infringement. It requested permission to effect service by alternative means—email and fax—pursuant to Rule 4(f)(3). With respect to the Chinese

5

defendant, service under the Hague Convention required translation of all documents and could take up to four months. While this Court sympathized with the "potentially lengthy and arguably inefficient procedure" for effecting service on the Chinese defendant, it found that "[p]ermitting a plaintiff to circumvent the provisions of the Hague Convention, even though it applies, . . . is tantamount to permitting service that contravenes the Constitution." *Id.* at \*3 (citing *Schlunk*, 486 U.S. at 699); *see also Lighting Sci. Grp. Corp. v. Nichia Corp.*, No. 1:19-cv-1948-LMM, 2019 WL 9633377, at \*2 (N.D. Ga. Aug. 8, 2019) (relying on *Tillotson* to deny the plaintiff's request to circumvent the Hague Convention where it applied to the Japanese defendant).

Some courts outside of this circuit have authorized alternative service pursuant to Rule 4(f)(3) where the parties' countries are signatories to the Hague Convention without any showing of extraordinary need, *Richmond Technologies, Inc. v. Aumtech Business Solutions*, No. 11-cv-2460-LHK, 2011 WL 2607158, at \*12–13 (N.D. Cal. July 1, 2020) (collecting cases), as have other courts within this circuit not in our district, *see Kipu Systems, LLC v. ZenCharts, LLC*, No. 17-

24733-Civ, 2018 WL 8264634, at *2 (S.D. Fla. Mar. 29, 2018)

(permitting service on Bulgarian defendants by email where it was not

prohibited by the Hague Convention or international law); *Wood*

*Mountain Fish, LLC v. Mowi ASA*, No. 19-22128-Civ, 2019 WL

3036536, at *1 (S.D. Fla. July 11, 2019) (permitting service on

Norwegian defendants by email, publication, or through a subsidiary).

      However in light of this Court's prior decisions, the Court is not

persuaded that it should circumvent the Hague Convention without a

showing of extraordinary circumstances. *See Tillotson*, 2008 WL

11336243, at *2; *Lighting Sci. Grp. Corp.*, 2019 WL 9633377, at *2

(explaining that despite being domestic service, service on the Japanese

defendant's United States-based counsel would still inappropriately

circumvent the Hague Convention); *see also Black & Decker Inc. v. King*

*Grp. Can.*, No. 1:08-cv-2435-BBM, 2009 WL 10670399, at *2 (N.D. Ga.

Jan. 6, 2009) (denying the plaintiff's request for alternative service on

the Canadian defendant pursuant to Rule 4(f)(3) because Canada is a

signatory to the Hague Convention and thus service in accordance with

the Convention is most appropriate).

And the Court does not find that Satco has made a showing of circumstances warranting the Court's intervention. This is not a case where the defendant's country is "dilatory or refused to cooperate for substantive reasons." FED. R. CIV. P. 4(f) advisory committee's note to 1993 amendment; *see also Pub. Warehousing Co. K.S.C.*, 2017 WL 661580, at *1 (explaining that the plaintiffs had spent six years trying to serve the defendants only to be "consistently rebuffed by the Kuwaiti government"). Nor has Satco shown that urgency requires an alternative method of service under Rule 4(f)(3). FED. R. CIV. P. 4(f) advisory committee's note to 1993 amendment; *see also Richmond Techs., Inc.*, 2011 WL 2607158, at *13 (ordering an alternative method of service where the plaintiffs sought a temporary restraining order and thus "presented issues that require resolution with greater urgency than the Hague Convention process can accommodate"). SSC's address is not unknown or unascertainable, *Yanmar Co. v. Baoluli Happy*, No. 1:19-cv-5331-TCB, 2019 WL 8301092, at *2 (N.D. Ga. Nov. 25, 2019), and this is not a case where service through the Korean Central

Authority has failed or taken longer than six months, FED. R. CIV. P. 4(f) advisory committee's note to 1993 amendment.

Satco's concerns that service will be costly and time-consuming are not sufficient to warrant the Court's intervention, nor are its concerns that a delay in service on SSC will set the case on two different discovery tracks. *See Tillotson*, 2008 WL 11336243, at \*2 (declining to authorize alternative service for the Chinese defendant despite an estimated four-month delay, but permitting alternative service on the Indonesian and Malaysian defendants—whose counties are not signatories to the Hague Convention—by email and fax); *Lighting Sci. Grp. Corp.*, 2019 WL 9633377, at \*2 (finding that an estimated cost of $16,028.28 and a six-month delay did not constitute extraordinary circumstances necessitating the Court's intervention despite the fact that the plaintiffs had already served the Japanese defendant's wholly owned U.S. subsidiary).

Accordingly, in these circumstances the Court declines to permit alternative means of service under Rule 4(f)(3).[2]

## IV.    Conclusion

For the foregoing reasons, Satco's motion [27] for leave to use alternative service is denied.

IT IS SO ORDERED this 22nd day of April, 2021.

Timothy C. Batten, Sr.
United States District Judge

---

[2] The Court need not consider whether the alternative methods proposed by Satco are prohibited by international agreement or are reasonably calculated to give SSC notice.