## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

SATCO PRODUCTS, INC.

<em>Plaintiff,</em>

v.

Case No. 1:21-cv-00643-TCB

SEOUL SEMICONDUCTOR CO., LTD, and
SEOUL SEMICONDUCTOR, INC.

<em>Defendants.</em>

## DEFENDANT SEOUL SEMICONDUCTOR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Seoul Semiconductor, Inc. ("SSI") hereby provides its Answer and Affirmative Defenses to Plaintiff's Complaint for Patent Infringement. Seoul Semiconductor Co., Ltd. ("SSC") has not been served in this action and SSI therefore provides this Answer solely on its own behalf.

## THE PARTIES

1.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies the same.

2.      Admitted.

3.      This allegation is directed solely to SSC. SSI is unable to answer on behalf of SSC, and on that basis the allegation in this paragraph is denied.

4.      Admitted that SSI is a subsidiary of SSC. The remainder of the allegations are directed to SSC and SSI is unable to answer on behalf of SSC. In addition, SSI objects to the collective definition of "Seoul Semiconductor," which appears to be an attempt to ignore the distinction between separate corporate entities and engage in improper group pleading.  On that basis, the remaining allegations in paragraph 4 are denied.

5.      This allegation is directed to "Seoul Semiconductor" rather than SSI. SSI is unable to answer on behalf of any other entity. In addition, SSI objects to the collective definition of "Seoul Semiconductor," which appears to be an attempt to ignore the distinction between separate corporate entities and engage in improper group pleading. On that basis, the remaining allegations in paragraph 5 are denied.

## JURISDICTION AND VENUE

6.      Admitted that the Complaint purports to arise under the patent laws of the United States, which is a basis for Federal jurisdiction.

7.      This allegation is directed to SSC. SSI is unable to answer on behalf of SSC, and on that basis the allegations in paragraph 7 are denied.

8.      This allegation is directed to SSC. SSI is unable to answer on behalf of SSC, and on that basis the allegations in paragraph 8 are denied.

9.      Admitted that SSI is a wholly-owned subsidiary of SSC and that SSC

has a financial interest in SSI. The remaining allegations in paragraph 9 are denied.

10.     Paragraph 10 of the Complaint intermixes allegations against SSI and SSC. As to the allegations directed to SSI, those allegations are denied. SSI is unable to answer on behalf of SSC, and on that basis the allegations directed to SSC are denied.

11.     Paragraph 11 of the Complaint intermixes allegations against SSI and SSC. As to the allegations directed to SSI, those allegations are denied. SSI is unable to answer on behalf of SSC, and on that basis the allegations directed to SSC are denied.

12.     Paragraph 12 of the Complaint intermixes allegations against SSI and SSC. As to the allegations directed to SSI, those allegations are denied. SSI is unable to answer on behalf of SSC, and on that basis the allegations directed to SSC are denied.

13.     Paragraph 13 of the Complaint intermixes allegations against SSI and SSC. As to the allegations directed to SSI, those allegations are denied. SSI is unable to answer on behalf of SSC, and on that basis the allegations directed to SSC are denied.

14.     Paragraph 14 of the Complaint intermixes allegations against SSI and SSC. As to the allegations directed to SSI, those allegations are denied. SSI is

unable to answer on behalf of SSC, and on that basis the allegations directed to SSC are denied.

15.     Paragraph 15 of the Complaint intermixes allegations against SSI and SSC. As to the allegations directed to SSI, those allegations are denied. SSI is unable to answer on behalf of SSC, and on that basis the allegations directed to SSC are denied.

16.     Paragraph 16 of the Complaint intermixes allegations against SSI and SSC. As to the allegations directed to SSI, those allegations are denied. SSI is unable to answer on behalf of SSC, and on that basis the allegations directed to SSC are denied.

17.     This allegation is directed to SSC. SSI is unable to answer on behalf of SSC, and on that basis the allegations in paragraph 17 are denied.

18.     This allegation is directed to SSC. SSI is unable to answer on behalf of SSC, and on that basis the allegations in paragraph 18 are denied.

19.     SSI admits, solely for the purpose of this litigation, that it is subject to the Court's personal jurisdiction.

20.     SSI admits, solely for the purpose of this litigation, that venue is proper as to SSI.

## THE ASSERTED PATENTS AND TECHNOLOGY

21.     SSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and therefore denies the same.

22.     Admitted that the Complaint appears to accurately reproduce the title and issue date of the '332 patent and that Exhibit 1 appears to be an accurate reproduction of that patent. SSI lacks sufficient information to admit or deny the remaining allegations in paragraph 22, and on that basis, the allegations are denied.

23.     Denied.

24.     Denied

25.     This allegation is directed to "Seoul Semiconductor" rather than SSI. SSI is unable to answer on behalf of any other entity. In addition, SSI objects to the collective definition of "Seoul Semiconductor," which appears to be an attempt to ignore the distinction between separate corporate entities and engage in improper group pleading. On that basis, the remaining allegations in paragraph 25 are denied.

26.     SSI denies that any Accused Product meets each and every limitation of any claim of the '332 patent.  Plaintiff's subjective belief as to what it intends to accuse of infringement is not a fact that can be admitted or denied, and on that basis the remaining allegations in paragraph 26 are denied.

27.     Admitted that the Complaint appears to accurately reproduce the title and issue date of the '285 patent and that Exhibit 2 appears to be an accurate reproduction of that patent. SSI lacks sufficient information to admit or deny the remaining allegations in paragraph 27, and on that basis, the allegations are denied.

28.     Denied.

29.     Denied.

30.     This allegation is directed to "Seoul Semiconductor" rather than SSI. SSI is unable to answer on behalf of any other entity. In addition, SSI objects to the collective definition of "Seoul Semiconductor," which appears to be an attempt to ignore the distinction between separate corporate entities and engage in improper group pleading. On that basis, the remaining allegations in paragraph 30 are denied.

31.     SSI denies that any Accused Product meets each and every limitation of any claim of the '285 patent.  Plaintiff's subjective belief as to what it intends to accuse of infringement is not a fact that can be admitted or denied, and on that basis the remaining allegations in paragraph 31 are denied.

32.     Admitted that the Complaint appears to accurately reproduce the title and issue date of the '712 patent and that Exhibit 3 appears to be an accurate reproduction of that patent. SSI lacks sufficient information to admit or deny the

remaining allegations in paragraph 27, and on that basis, the allegations are denied.

33.    Denied.

34.    Denied.

35.    Denied.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 6,930,332)

36.    The responses set forth in the foregoing paragraphs 1-35 are hereby incorporated herein by reference.

37.    This allegation is directed to "Seoul Semiconductor" rather than SSI. SSI is unable to answer on behalf of any other entity. In addition, SSI objects to the collective definition of "Seoul Semiconductor," which appears to be an attempt to ignore the distinction between separate corporate entities and engage in improper group pleading. On that basis, the remaining allegations in paragraph 37 are denied.

38.    This allegation is directed to "Seoul Semiconductor" rather than SSI. SSI is unable to answer on behalf of any other entity. In addition, SSI objects to the collective definition of "Seoul Semiconductor," which appears to be an attempt to ignore the distinction between separate corporate entities and engage in improper group pleading. On that basis, the remaining allegations in paragraph 38 are denied.

39.     This allegation is directed to "Seoul Semiconductor" rather than SSI. SSI is unable to answer on behalf of any other entity. In addition, SSI objects to the collective definition of "Seoul Semiconductor," which appears to be an attempt to ignore the distinction between separate corporate entities and engage in improper group pleading. On that basis, the remaining allegations in paragraph 39 are denied.

40.     This allegation is directed to "Seoul Semiconductor" rather than SSI. SSI is unable to answer on behalf of any other entity. In addition, SSI objects to the collective definition of "Seoul Semiconductor," which appears to be an attempt to ignore the distinction between separate corporate entities and engage in improper group pleading. On that basis, the remaining allegations in paragraph 40 are denied.

41.     SSI admits that paragraph 41 of the complaint appears to accurately reproduce the language of claim 1 of the '332 patent.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     SSI lacks knowledge or information sufficient to form a belief as to the state of Plaintiff's subjective belief about the extent of alleged infringement. SSI denies any allegation of infringement.  Moreover, this allegation is directed to "Seoul Semiconductor" rather than SSI. SSI is unable to answer on behalf of any other entity.  SSI objects to the collective definition of "Seoul Semiconductor," which appears to be an attempt to ignore the distinction between separate corporate entities and engage in improper group pleading. On that basis, the remaining allegations in paragraph 47 are denied.

48.     This allegation is directed to "Seoul Semiconductor" rather than SSI. SSI is unable to answer on behalf of any other entity. In addition, SSI objects to the collective definition of "Seoul Semiconductor," which appears to be an attempt to ignore the distinction between separate corporate entities and engage in improper group pleading. On that basis, the remaining allegations in paragraph 48 are denied.

49.     Denied.

50.     Denied.

## <u>COUNT II</u>
(INFRINGEMENT OF U.S. PATENT NO. 8,692,285)

51.     The allegations set forth in the foregoing paragraphs 1-50 are hereby incorporated herein by reference.

52.     This allegation is directed to "Seoul Semiconductor" rather than SSI. SSI is unable to answer on behalf of any other entity. In addition, SSI objects to the collective definition of "Seoul Semiconductor," which appears to be an attempt to ignore the distinction between separate corporate entities and engage in improper group pleading. On that basis, the remaining allegations in paragraph 52 are denied.

53.     This allegation is directed to "Seoul Semiconductor" rather than SSI. SSI is unable to answer on behalf of any other entity. In addition, SSI objects to the collective definition of "Seoul Semiconductor," which appears to be an attempt to ignore the distinction between separate corporate entities and engage in improper group pleading. On that basis, the remaining allegations in paragraph 53 are denied.

54.     This allegation is directed to "Seoul Semiconductor" rather than SSI. SSI is unable to answer on behalf of any other entity. In addition, SSI objects to the collective definition of "Seoul Semiconductor," which appears to be an attempt to ignore the distinction between separate corporate entities and engage in improper group pleading. On that basis, the remaining allegations in paragraph 54 are denied.

55.     This allegation is directed to "Seoul Semiconductor" rather than SSI.

SSI is unable to answer on behalf of any other entity. In addition, SSI objects to the collective definition of "Seoul Semiconductor," which appears to be an attempt to ignore the distinction between separate corporate entities and engage in improper group pleading. On that basis, the remaining allegations in paragraph 55 are denied.

56.    SSI admits that paragraph 56 of the complaint appears to accurately reproduce the language of claim 1 of the '285 patent.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    SSI lacks knowledge or information sufficient to form a belief as to

the state of Plaintiff's subjective belief about the extent of alleged infringement. SSI denies any allegation of infringement.  Moreover, this allegation is directed to "Seoul Semiconductor" rather than SSI. SSI is unable to answer on behalf of any other entity.  SSI objects to the collective definition of "Seoul Semiconductor," which appears to be an attempt to ignore the distinction between separate corporate entities and engage in improper group pleading. On that basis, the remaining allegations in paragraph 68 are denied.

69.     The allegations in paragraph 69 are directed to "Seoul Semiconductor" rather than either defendant in this lawsuit, which Plaintiff defined separately as SSC and SSI. SSI admits that it became aware of the '285 patent no later than when service of the complaint was completed. SSI is unable to answer on behalf of SSC, and therefore, the allegations, to the extent directed to SSC, are denied.

70.     Denied.

71.     Denied.

### COUNT III
(INFRINGEMENT OF U.S. PATENT NO. 10,533,712)

72.     The allegations set forth in the foregoing paragraphs 1-71 are hereby incorporated herein by reference.

73.     This allegation is directed to "Seoul Semiconductor" rather than SSI.

SSI is unable to answer on behalf of any other entity. In addition, SSI objects to the collective definition of "Seoul Semiconductor," which appears to be an attempt to ignore the distinction between separate corporate entities and engage in improper group pleading. On that basis, the remaining allegations in paragraph 73 are denied.

74.     This allegation is directed to "Seoul Semiconductor" rather than SSI. SSI is unable to answer on behalf of any other entity. In addition, SSI objects to the collective definition of "Seoul Semiconductor," which appears to be an attempt to ignore the distinction between separate corporate entities and engage in improper group pleading. On that basis, the remaining allegations in paragraph 74 are denied.

75.     This allegation is directed to "Seoul Semiconductor" rather than SSI. SSI is unable to answer on behalf of any other entity. In addition, SSI objects to the collective definition of "Seoul Semiconductor," which appears to be an attempt to ignore the distinction between separate corporate entities and engage in improper group pleading. On that basis, the remaining allegations in paragraph 75 are denied.

76.     This allegation is directed to "Seoul Semiconductor" rather than SSI. SSI is unable to answer on behalf of any other entity. In addition, SSI objects to the

collective definition of "Seoul Semiconductor," which appears to be an attempt to ignore the distinction between separate corporate entities and engage in improper group pleading. On that basis, the remaining allegations in paragraph 76 are denied.

77.     SSI admits that paragraph 77 of the complaint appears to accurately reproduce the language of claim 17 of the '712 patent.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     SSI lacks knowledge or information sufficient to form a belief as to the state of Plaintiff's subjective belief about the extent of alleged infringement.

SSI denies any allegation of infringement.  Moreover, this allegation is directed to "Seoul Semiconductor" rather than SSI. SSI is unable to answer on behalf of any other entity.  SSI objects to the collective definition of "Seoul Semiconductor," which appears to be an attempt to ignore the distinction between separate corporate entities and engage in improper group pleading. On that basis, the remaining allegations in Paragraph 89 are denied.

90.     This allegation is directed to "Seoul Semiconductor" rather than SSI. SSI is unable to answer on behalf of any other entity. In addition, SSI objects to the collective definition of "Seoul Semiconductor," which appears to be an attempt to ignore the distinction between separate corporate entities and engage in improper group pleading. On that basis, the remaining allegations in Paragraph 90 are denied.

91.     Denied.

92.     Denied.

## JURY DEMAND

93.     This paragraph contains a statement to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff demands a trial by jury on all triable issued raised in the Complaint.

## PRAYER FOR RELIEF

94.   SSI denies any and all remaining allegations not specifically admitted and denies that Plaintiff is entitled to the relief requested in subparagraphs a through g of its Prayer for Relief, or to any relief at all. To the extent that any statement in Plaintiff's Request for Relief is considered to contain factual allegations that require a response, SSI denies each and every such allegation. SSI denies each and every allegation of infringement as alleged in the Complaint.

## AFFIRMATIVE DEFENSES

SSI asserts the following affirmative defenses. SSI reserves the right to assert additional affirmative defenses as they become known through discovery.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The manufacture, use, offer for sale, sale, and/or importation of SSI's accused products does not infringe any valid claim of the '332 patent, the '285 patent, and the '712 patent. SSI is not liable for any acts of infringement of the '332 patent, the '285 patent, and the '712 patent.

## THIRD AFFIRMATIVE DEFENSE

The asserted claims of the '332 patent, the '285 patent, and the '712 patent are invalid for failure to comply with one or more sections of 35 U.S.C. §§ 101,

102, 103, and 112.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief and prayer for damages are barred in whole or in part by 35 U.S.C. §§ 286, 287, and 288.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by one or more of the doctrines of equitable estoppel, laches, unclean hands, waiver, acquiescence, and/or unenforceability.

## RESERVATION OF RIGHTS

SSI reserves the right to assert any other legal or equitable defenses to which it is entitled.

## PRAYER FOR RELIEF

WHEREFORE, Defendant seeks the following relief:

    A. That judgment be entered in SSI's favor;

    B. That Plaintiff's Complaint be dismissed with prejudice;

    C. A determination that SSI has not infringed and does not infringe any valid and enforceable claim of the '332 patent, the '285 patent, and the '712 patent;

    D. A determination that the '332 patent, the '285 patent, and the '712 patent are invalid and unenforceable;

E. That pursuant to 35 U.S.C. § 285, Plaintiff's conduct in commencing and pursuing this action be found to render this an exceptional case and that SSI be awarded reasonable attorneys' fees in connection with this action; and

F. That SSI be granted such other and additional relief as this Court deems just and proper.

## **JURY DEMAND**

SSI hereby demands a trial by jury on all issues so triable.

Dated: May 3, 2021

*/s/ Preston H. Heard*
Preston H. Heard
Georgia Bar No. 476319
WOMBLE BOND DICKINSON (US) LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 862-7527
Facsimile: (404) 879-2966
Preston.heard@wbd-us.com

Etai Lahav (*pro hac vice*)
New York Bar No. 4461760
Radulescu LLP
5 Penn Plaza, 19th Floor
New York, NY 10001
Telephone: (646) 502-5957
Facsimile: (646)502-5959
Email: etai@radip.com

Michael B. Eisenberg (*pro hac vice*)
New York Bar No. 3980430
Steptoe & Johnson, LLP - NY
1114 Avenue of the Americas
New York, NY 212-506-3931
Telephone: (212)506-3931
Facsimile: (212) 506-3950
Email: meisenberg@steptoe.com

*Attorney for Defendants*