IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| SATCO PRODUCTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SEOUL SEMICONDUCTOR CO., LTD. and SEOUL SEMICONDUCTOR, INC.,<br><br>Defendants. | CIVIL ACTION NO.:<br>1:21-cv-00643-TCB |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Pursuant to LR 16.2, Plaintiff Satco Products, Inc. ("Satco") and Defendants Seoul Semiconductor Co., Ltd. ("SSC") and Seoul Semiconductor, Inc.[1] ("SSI") (collectively, "Seoul") (together, the "Parties"), hereby submit this Joint Preliminary Report and Discovery Plan:

1.  **Description of Case:**

    (a)   Describe briefly the nature of this action.

---

[1] It is Satco's position that, as set forth in Satco's Memorandum in Opposition to SSI's Motion for Leave to File Out of Time Answer and in Support of Cross-Motion to Strike or in the Alternative Deem Allegations Admitted, SSI did not timely respond to the Complaint and should not be granted leave to file its belated response. (Dkt. 42.) By submitting this Joint Preliminary Report and Discovery Plan, Satco does not waive its positions in such Opposition. SSI's positions are set forth in its Motion for Leave briefing. (Dkt. 37; Dkt. 45.)

This an action for patent infringement, in which Satco alleges that Seoul infringes U.S. Patent Nos. 6,930,332 ("the '332 patent"), 8,692,285 ("the '285 patent"), and 10,533,712 ("the '712 patent") (collectively, the "Asserted Patents").

**(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Satco asserts that it is the owner of all rights to the Asserted Patents. Satco alleges that SSI and SSC are directly, literally and/or under the doctrine of equivalents, infringing one or more claims of each of the Asserted Patents by manufacturing, using, offering for sale, selling and/or importing in the United States certain LED packaging products, LED filament products, and multi-junction products. In addition, Satco asserts that SSI and SSC actively induce their distributors and/or customers to directly infringe one or more claims of each of the Asserted Patents.

Seoul denies that it infringes any of the Asserted Patents and alleges that the Asserted Patents are invalid.

**(c)    The legal issues to be tried are as follows:**

- Whether Seoul has infringed one or more claims of each Asserted Patent?
- Whether the Asserted Patents are valid?
- Whether Satco is entitled to damages due to Seoul's infringement?
- Whether Satco is entitled to an award of treble damages?

- Whether Satco is entitled to an award of its attorneys' fees and costs?

- Whether any of Seoul's affirmative defenses bar any or all of Satco's claims?

**(d)    The cases listed below (include both style and action number) are:**

1)   Pending Related Cases:

None.

2)   Previously Adjudicated Related Cases:

None.

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

|   |     |     |
|---|-----|-----|
| ___ | (1) | Unusually large number of parties |
| ___ | (2) | Unusually large number of claims or defenses |
| ✓ | (3) | Factual issues are exceptionally complex |
| ___ | (4) | Greater than normal volume of evidence |
| ___ | (5) | Extended discovery period is needed |
| ___ | (6) | Problems locating or preserving evidence |
| ___ | (7) | Pending parallel investigations or action by government |
| ✓ | (8) | Multiple use of experts |
| ✓ | (9) | Need for discovery outside United States boundaries |
| ✓ | (10) | Existence of highly technical issues and proof |

**3.    Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff**:

Nicholas Brown (*pro hac vice*)
GREENBERG TRAURIG, LLP

4 Embarcadero Center
Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

**Defendant:**

Michael B. Eisenberg (*pro hac vice*)
New York Bar No. 3980430
Steptoe & Johnson, LLP
1114 Avenue of the Americas
New York, NY
Telephone: (212)506-3931
Facsimile: (212) 506-3950
Email: meisenberg@steptoe.com

4. **Jurisdiction:**

   **Is there any question regarding this Court's jurisdiction?**

   No.

   **If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

5. **Parties to This Action:**

   (a) **The following persons are necessary parties who have not been joined:**

   None.

   (b) **The following persons are improperly joined as parties:**

   None.

**(c)** **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d)** **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.** **Amendment to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a)** **List separately any amendments to the pleadings that the parties anticipate will be necessary:**

At this time, Satco does not anticipate amending the pleadings. SSC presently intends to amend its Answer as a matter of course under FRCP 15(a)(1)(A) to assert counterclaims of infringement on one or more patents on or before August 9, 2021.

**(b)** **Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.** **Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below. All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

  **(a)**  *Motions to Compel*: **before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.**

  **(b)**  *Summary Judgment Motions*: **within thirty days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.**

The Parties agree that Motions for Summary Judgment shall be filed no later than thirty days after the close of all discovery, including expert discovery, unless otherwise permitted by court order.

  **(c)**  *Other Limited Motions*: **Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

  **(d)**  *Motions Objecting to Expert Testimony*: **<u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.**

**8.**  **Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

The parties have no objections to the initial disclosures and will exchange initial disclosures a required by Fed. R. Civ. P. 26 and Local Rule 26.1. The parties agree to exchange initial disclosures in accordance with these rules on July 23, 2021.

In view of the foregoing, the Parties' proposed schedule is set forth below:

| Event | Date |
|---|---|
|  |  |

| | |
|---|---|
| Exchange of initial disclosures pursuant to Fed. R. Civ. P. 26 and Local Rule 26.1 | July 23, 2021 |
| Discovery begins | Date of filing of Joint Preliminary Planning Report and Discovery Plan (July 23, 2021) |
| Infringement Contentions Due pursuant to Local Patent Rule ("LPR") 4.1 | August 27, 2021 |
| Invalidity Contentions and Response to Infringement Contentions Due pursuant to LPR 4.2 and LPR 4.3 | November 1, 2021 |
| Exchange of Proposed Terms for Claim Construction pursuant to LPR 6.1 | November 29, 2021 |
| Exchange of Preliminary Constructions and Preliminary Identification of Extrinsic Evidence pursuant to LPR 6.2 | December 16, 2021 |
| Joint Claim Construction Statement Due pursuant to LPR 6.3 | January 7, 2022 |
| Claim construction discovery deadline pursuant to LPR 6.4 | December 30, 2021 |
| Opening Claim Construction Brief Due pursuant to LPR 6.5(a) | January 21, 2022 |
| Responsive Claim Construction Brief Due pursuant to LPR 6.5(b) | February 11, 2022 |
| *Markman* Hearing | TBD |

| | |
|---|---|
| Close of Fact Discovery pursuant to LPR 6.7 | 8 months after Discovery Begins or 45 days after the *Markman* order, if the *Markman* Order comes down less than 30 days before the close of fact discovery |
| Conference after Discovery pursuant to Local Rule ("LR") 16.3 | 14 days after the close of discovery |
| Motions to Compel Deadline pursuant to LR 37.1 | The close of fact discovery or, if longer, within 14 days after service of the disclosure or discovery response upon which the objection is based. |
| Initial Expert Witness Disclosures—Issues on which each party bears the burden of proof pursuant to LPR 7.1(b) | 30 days after the close of fact discovery |
| Opposing Expert Witness Disclosures—Issues on which the opposing party bears the burden of proof pursuant to LPR 7.1(c) | 30 days after the initial expert witness disclosures |
| Rebuttal Expert Witness Disclosures pursuant to LPR 7.1(d) | 10 days after the opposing expert witness disclosures |
| Expert Discovery pursuant to LPR 7.2 | Begins 7 days after Rebuttal Expert Witness Disclosures and Ends 30 days thereafter |
| Motions for Summary Judgment pursuant to LR 56.1 | 30 days after the close of expert discovery |

| | |
|---|---|
| Oppositions to Motions for Summary Judgment pursuant to LR 7.1B | 21 days after filing of motions for summary judgment |
| Replies to Summary Judgment Motions pursuant to LR 7.1C | 14 days after filing of oppositions to motions for summary judgment |
| Proposed Consolidated Pretrial Order pursuant to LR 16.4 | 30 days after the close of expert discovery or 30 days after the court enters orders on motions for summary judgment, whichever is later. |
| *Daubert* Motions pursuant to LR 26.2 | 30 days after the close of expert discovery or 30 days after the court enters orders on motions for summary judgment, whichever is later. |
| Trial | **TBD** |

9. **Request for Scheduling Conference**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Presently, the Parties do not request a scheduling conference with the Court but reserve the right to do so.

**10. Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero-month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Without waiving their rights regarding the scope of discovery or the relevancy of discovery or any information described below, the Parties identify the following possible topics of discovery in this action:

1. The Asserted Patents, including invalidity and unenforceability thereof;

2. Seoul's alleged infringement of the Asserted Patents;

3. The accused products;

4. Seoul's manufacturing, offering to sell, selling, use, and importation of the accused products;

5. Satco's damages, including without limitation, Seoul's revenue, profits, and expenses and the calculation of a reasonable royalty as a remedy to infringement; and

6. Seoul's knowledge of the Asserted Patents.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The Parties propose that fact discovery begins on the date of the filing of this Joint Preliminary Report & Discovery Plan.

**11. Discovery Limitations and Discovery of Electronically Stored Information:**

    **(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

Depositions of the named inventors of the Asserted Patents are excluded from the discovery limits.

    **(b) Is any party seeking discovery of electronically stored information?**

Yes.

    **(1) The Parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The Parties have discussed electronically stored information and will submit a proposed order regarding E-discovery for consideration and entry by the Court.

    **(2) The Parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format**

**(PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The Parties have discussed electronically stored information and will submit a proposed order regarding E-discovery for consideration and entry by the Court.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.   Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

In addition to a proposed order regarding E-discovery, the Parties anticipate submitting a joint proposed protective order for consideration and entry by the Court.

**13.   Settlement Potential:**

(a)   **Lead counsel for the Parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on July 22, 2021, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

   **For Plaintiff: Lead Counsel (signature):**   */s/ Nicholas Brown*

   **Other participants for Plaintiff:** [N/A]

   **For Defendant: Lead Counsel (signature)**: */s/ Michael Eisenberg*

   **Other participants for Defendant:** [N/A]

(b)   **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

12

    (\_) A possibility of settlement before discovery.

    (**X**) A possibility of settlement after discovery.

    (\_) A possibility of settlement, but a conference with the judge is needed.

    (\_) No possibility of settlement.

 **(c) Counsel (X) do or (\_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

The proposed date of the next settlement conference has not been determined.

 **(d) The following specific problems have created a hindrance to settlement of this case.**

  None.

**14. Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

 **(a) The parties (\_) do consent to having this case tried before a magistrate judge of this Court.**

 **(b) The parties (X) do not consent to having this case tried before a magistrate judge of this Court.**

Respectfully submitted this 28th day of July 2021.

/s/ Nigamnarayan Acharya
Nigamnarayan Acharya
Georgia Bar No. 001469
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE
Suite 2500
Atlanta, GA 30305
Telephone: (618) 553-2100
Facsimile: (678) 553-2212
Email: acharyan@gtlaw.com
Email: fosterja@gtlaw.com

Scott Bornstein (*pro hac vice*)
Joshua L. Raskin (*pro hac vice*)
Richard Pettus (*pro hac vice*)
Jeffrey R. Colin (*pro hac vice*)
Elana B. Araj (*pro hac vice*)
GREENBERG TRAURIG, LLP
MetLife Building, 200 Park Avenue
New York, NY 10002
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: bornsteins@gtlaw.com
Email: raskinj@gtlaw.com
Email: pettusr@gtlaw.com
Email: colinj@gtlaw.com
Emil: araje@gtlaw.com

Nicholas Brown (*pro hac vice*)

/s/ Preston H. Heard
Preston H. Heard
Georgia Bar No. 476319
WOMBLE BOND DICKINSON (US) LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 862-7527
Facsimile: (404) 879-2966
Preston.heard@wbd-us.com

Michael B. Eisenberg (*pro hac vice*)
New York Bar No. 3980430
Steptoe & Johnson, LLP
1114 Avenue of the Americas
New York, NY
Telephone: (212)506-3931
Facsimile: (212) 506-3950
Email: meisenberg@steptoe.com

Daniel S. Stringfield (*pro hac vice*)
Illinois Bar No. 6293893
Steptoe & Johnson, LLP
227 W. Monroe Street Suite 4700
Chicago, IL 60606
Telephone: (312) 577-1267
Facsimile: (312) 577-1370
Email: dstringfield@steptoe.com

Etai Lahav (*pro hac vice*)
New York Bar No. 4461760
Radulescu LLP
5 Penn Plaza, 19th Floor
New York, NY 10001
Telephone: (646) 502-5957

GREENBERG TRAURIG, LLP
4 Embarcadero Center
Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

Robert P. Lynn, Jr. (*pro hac vice*)
Katharine Smith Santos (*pro hac vice*)
LYNN GARTNER DUNNE, LLP
330 Old Country Road, Suite 103
Mineola, New York 11501
Telephone: (516) 742-6200
rplynn@lgdlaw.com
ksantos@lgdlaw.com

*Counsel for Plaintiff Satco Products, Inc.*

Facsimile: (646)502-5959
Email: etai@radip.com

*Counsel for Defendants Seoul Semiconductor, Inc. and Seoul Semiconductor Co., Ltd.*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

**IT IS SO ORDERED**, this ___ day of _____, 2021.

_____
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

This is to certify that on July 28, 2021, I electronically filed the foregoing JOINT PRELIMINARY REPORT AND DISCOVERY PLAN with the CM/ECF e-filing system, which will automatically send email notification of such filing to attorneys of record.

This 28th day of July, 2021.

/s/ Nigamnarayan Acharya
Nigamnarayan Acharya
Georgia Bar No. 001469